UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS D. C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02332-TAB-SEB |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES**

Plaintiff prevailed in this action and now seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Filing No. 22.] The Commissioner does not object to the $3,679.50 in fees sought, and the Court likewise agrees this fee request is reasonable, appropriate, and adequately documented. [Filing No. 22-2 through Filing No. 22-8.] Accordingly, the Court awards the $3,679.50 in fees requested.

The singular issue presented by Plaintiff's motion is whether Plaintiff should be reimbursed the $350 filing fee. The Commissioner argues that an award of costs is not appropriate because Plaintiff was granted leave to proceed *in forma pauperis* [Filing No. 6] and 28 U.S.C. § 1915(f)(1) provides that in such cases "…the United States shall not be liable for any of the costs thus incurred."[1] The Commissioner cites to decisions from the Third and Ninth Circuit Courts of Appeal in support. *See Wade v. Kijakazi*, 14 F.4th 973, 976 (9th Cir. 2021)

---

[1] Although the Court granted Plaintiff IFP status, the order did not state that Plaintiff did not owe the $350 fee, but rather allowed Plaintiff to pay the fee in installments. [Filing No. 6, at ECF p. 1.] Counsel paid the $350 filing fee on Plaintiff's behalf. [Filing No. 7.]

("Well-supported by the statutory text—and with no reason to create an unnecessary circuit split on this issue, we now join or sister circuits and hold that 28 U.S.C. § 1915(f)(1) prohibits an award of costs for or against the United States under Federal Rule of Appellate Procedure 39 in appeals involving IFP litigants."); *James v. Quinlan*, 886 F.2d 37, 39-40 (3d Cir. 1989) (holding that the principle of mutuality equitably read into Rule 39 precluded government from obtaining costs against an IFP litigant because the IFP statute precluded award for litigant against government).

The Commissioner has not always objected to reimbursement of the filing fee in this district. Plaintiff cites two cases from the Southern District of Indiana in recent years reimbursing the filing fee to plaintiffs proceeding IFP. The first is *Edmiston v. Saul*, 4:19-cv-00081-DML-TWP, (S.D. Ind. March 8, 2021), ECF No. 25. The second is *Lasecki v. Saul*, 2:19-cv-00173-DLP-JRS, (S.D. Ind. Feb. 25, 2020), ECF No. 25. However, neither case provides any analysis for its decision to award costs. Rather, in *Edmiston* the Commissioner did not object to the plaintiff's request to be reimbursed the filing fee, and in *Lasecki* the Commissioner joined in the plaintiff's motion seeking the filing fee reimbursement.

Although the Commissioner cites to cases from the Third and Ninth Circuit Courts of Appeals in opposing an award of costs, the Commissioner does not offer a Seventh Circuit Court of Appeals decision—or any case from within the Seventh Circuit—that reaches this holding. The Court also could not find any Seventh Circuit Court of Appeals decisions directly on point. Yet there are district court decisions from courts within the Seventh Circuit that have declined to award costs and at least briefly touched on this issue. *See, e.g., Suggs v. United States*, No. 2:06-cv-217, 2008 WL 3199994, at *2 (N.D. Ind. Aug. 6, 2008) ("In any event, Suggs may not recover his cost or fees in this case because [he] has proceeded *in forma pauperis*. 29 U.S.C. §

1915(f)(1) explains that in cases proceeding *in forma pauperis*, judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred.  Thus, as a plaintiff proceeding *in forma pauperis*, Suggs is not eligible to recoup his costs or fees from the government." (Internal quotation marks and brackets omitted)).  *See also Sharkey v. Comm'r of Soc. Sec.*, No. 11-cv-217-CJP, 2013 WL 3179097, at *3 (S.D. Ill. June 21, 2013) (noting the plaintiff proceeded *in forma pauperis*, "and therefore is not entitled to reimbursement of the filing fee").  Many other courts have reached this conclusion as well.  *See, e.g., Flores Peralta v. Garland*, No. 19-70274, 19-72497, 2022 WL 1210681, at *3 (9th Cir. Apr. 25, 2022) ("Although Petitioner is the prevailing party in No. 19-70274, he is not entitled to his costs against the federal government because he is proceeding *in forma pauperis*."); *Keaton v. Saul*, No. 3:19-cv-1487-RMS, 2021 WL 131266, at *3 (D. Conn. Jan. 14, 2021) ("In proceedings in which the plaintiff is afforded *in forma pauperis* status, the plaintiff may not seek costs from the United States."); *Larson v. Saul*, No. 4:18-CV-04121-VLD, 2019 WL 4640437, at *7 (D.S.D. Sept. 24, 2019) ("Despite this court's conviction that § 1915(f) is an overlooked mistake on Congress' part, the language of that provision is exceedingly clear. Costs cannot be assessed against the United States when the plaintiff is proceeding *in forma pauperis*.  Accordingly, the court will not assess costs against the government herein.").

     The Commissioner here has failed to demonstrate any consistent and longstanding policy by the Seventh Circuit Court of Appeals against awarding costs in the circumstances presently before the Court.  And as noted, the Commissioner has, on occasion, either not opposed an award of costs or joined in a motion seeking reimbursement of the filing fee.  Nevertheless, district courts within the Seventh Circuit, and many other circuit courts, have declined to award costs in

similar circumstances.  One of the cases upon which the Commissioner relies, *James,* 886 F.2d at 40-41, remarked in denying costs:

> The United States' sovereign immunity from an award of costs has since been extensively waived in civil cases[.]  However, § 1915(e) leaves the government fully protected against costs in *in forma pauperis* cases.
> .
>  . . . There may indeed be no valid reason, from a practical standpoint, to make a distinction between the United States and other parties when deciding whether to assess costs against *in forma pauperis* appellants. Many of the same concerns about taxing costs that are important in the typical *in forma pauperis* appeal also appear to be important in cases involving the United States. Nevertheless, this Court's "consistent and longstanding policy" of not taxing costs in favor of or against the United States in *in forma pauperis* appeals appears to be soundly based on the text of Rule 39(b) and § 1915(e). This panel is therefore constrained to follow it.

Likewise, the Court here declines to reimburse the requested $350 filing fee.

Accordingly, Plaintiff's motion for attorney's fees [Filing No. 22] is granted in part, and Plaintiff is awarded $3,679.50 in attorney's fees.  Any fees paid belong to Plaintiff and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes to the United States.  If the Commissioner can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney.

Date: 8/18/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the Court's ECF system